STATE OF NORTH CAROLINA v. WILLARD DEAN NATIONS

No. 570A86

(Filed 7 April 1987)

**Criminal Law § 75.4— assertion of right to counsel during interrogation—interview by social services worker—no police-initiated interrogation**

A social services worker's interview of defendant after defendant had invoked his fifth amendment right to the presence of counsel during interrogation did not amount to police initiated interrogation in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981), since (1) the social services worker was not an agent of the police, and (2) his interview of defendant did not amount to "interrogation" because there was no evidence that the police were reasonably likely to elicit an incriminating response by allowing the social services worker to interview defendant.

BEFORE *Kirby, J.*, at the 28 April 1986 Criminal Session of Superior Court, RUTHERFORD County, defendant was convicted of first-degree sexual offense and received the mandatory life sentence. Defendant appeals as a matter of right pursuant to

N.C.G.S. § 7A-27(a). Heard in the Supreme Court 9 February 1987.

*Lacy H. Thornburg, Attorney General, by Victor H. E. Morgan, Assistant Attorney General, for the State.*

*Hugh J. Franklin for defendant-appellant.*

MEYER, Justice.

Defendant was charged and tried for first-degree sexual offense against a ten-year-old female child. Prior to indictment, while defendant was being held in the Rutherford County Jail on another charge, he confessed to the facts which formed the basis of the charge of first-degree sexual offense against a female child.

On appeal, defendant argues that the trial court erred in denying his pretrial motion to suppress the confession, which was introduced at defendant's trial. We find no error.

The facts surrounding the confession are set forth in *State v. Nations*, 319 N.C. 318, 354 S.E. 2d 510 (1987) ("*Nations I*"; filed concurrently with this opinion). Defendant argues that the confession was obtained in violation of his fifth amendment right to the presence of counsel during interrogation.

The fifth amendment, applicable to the states through the fourteenth amendment, *Malloy v. Hogan*, 378 U.S. 1, 12 L.Ed. 2d 653 (1964), is a protection against self-incrimination. In *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694 (1966), the United States Supreme Court held that this fifth amendment right is the source of the right to the presence of counsel during custodial interrogation. "Interrogation," for fifth amendment purposes, refers not only to express questioning of a suspect by the police, but also to questioning or actions that police "should know are reasonably likely to elicit an incriminating response from a suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L.Ed. 2d 297, 308 (1980). Absent initiation by the defendant, if he invokes his right to the presence of counsel during interrogation, police may not "interrogate" the defendant further until he has been afforded the opportunity to consult with counsel. *Edwards v. Arizona*, 451 U.S. 477, 68 L.Ed. 2d 378 (1981).

Applying the law to the facts of the case before us, it is clear that defendant, when first questioned about the offense for which he was being held, invoked his fifth amendment right to the presence of counsel during interrogation. Thus, any subsequent *police-initiated* interrogation would violate the rule set forth in *Edwards*. We must therefore determine whether Robert Hensley's interview with the defendant amounted to police-initiated interrogation, as that term has been used in "fifth amendment interrogation" cases.

First, for the reasons set forth in *Nations I*, we hold that Hensley was not an agent of the police. Second, Hensley's interview of defendant did not amount to "interrogation," as there was no evidence that by allowing Hensley to interview the defendant, the police were "reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. at 301, 64 L.Ed. 2d at 308. In its findings of fact on the motion to suppress, the trial court found:

> 15. That the visit of Bob Hensley was *not* at the direction of any law enforcement agency, officer, or other agency of the State of North Carolina charged with enforcement of criminal statutes, and was not made wholly or in part for the purpose of obtaining information with which to initiate further criminal proceedings against the defendant Willard Nations.

In evaluating the same confession in *Nations I*, we held that there was competent evidence to support the trial court's finding that defendant initiated contact with law enforcement officials; we also held that there was competent evidence that defendant knowingly and intelligently waived his right to the assistance of counsel. With respect to the present case, the rationale of *Nations I* applies with equal force and supports our holding that the defendant initiated contact with law enforcement officials and effected a valid waiver of his right to the presence of counsel.

Defendant also argues that the indictment under N.C.G.S. § 14-27.4 should have been dismissed because that statute has been partially repealed by N.C.G.S. § 14-27.7. For the reasons set forth in *Nations I*, we find this argument to be without merit.

No error.